HEIDI COAD-HERMELIN (SBN: 161510)
HERMELIN LAW FIRM
706 Main Street, Suite C
Martinez, CA 94553
Telephone: (925) 228-6500
Facsimile: (925) 228-6507

Attorneys for Defendant
NORMA EDITH MUNOZ

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In Re:

NORMA EDITH MUNOZ,

    Debtor.
_____/

FIA CARD SERVICES, N.A.,

    Plaintiff,

vs.

NORMA EDITH MUNOZ,

    Defendant.
_____/

Bankruptcy Case No.: 11-41878

Chapter 7

Adversary Proceeding No.: 11-04135

**MOTION FOR ORDER TO COMPEL REQUEST FOR PRODUCTION OF DOCUMENTS AND SPECIAL INTERROGATORIES AND ATTORNEY'S FEES**

    NORMA EDITH MUNOZ (hereinafter "Defendant") served on Plaintiff FIA CARD SERVICES, N.A. (hereinafter "Plaintiff") pursuant to Bankruptcy Rule 7034 and Federal Rule of Civil Procedure 33 and 34, a Request for Production of Documents and a Special Interrogatory Request on August 11, 2011. The responses were due on September 14, 2011. These requests were the only requests propounded by Defendant. No initial disclosures were received from Plaintiff under FRCP 26.

    Despite correspondence and telephones calls to Plaintiff's attorney, no response has been

MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES

received. Pursuant to the Court's Scheduling Order, the deadline to file discovery motions is October 24, 2011. Defendant seeks an order compelling a responses to the discovery requests and for attorney's fees incurred in the amount of $442.50 for preparing the Motion and an additional $442.50 in fees if the Motion is contested for work necessary to reply to any opposition and to appear at the hearing.

The requests are necessary for Defendant to adequately prepare for trial which is scheduled for November 15, 2011. The Request for Documents and Special Interrogatory are set forth below along with the Defendant's contention that the requests satisfy FRCP26(b).

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents which support your contention that the Debtor owed $9,134.87 for Account No. ending in 1571 and 4090 on the date her bankruptcy petition was filed.

**CONTENTION:**

Plaintiff has asserted that this amount was due as part of its' claim. The documentary evidence in Plaintiff's possession is necessary to prepare Defendant's defense in this adversary proceeding.

**REQUEST FOR PRODUCTION NO. 2:**

All documents which support your contention that the Debtor incurred $648.00 in retail charges on an account ending in 1571 during the period from 10/26/10 and 11/20/2010.

**CONTENTION:**

Plaintiff has asserted that certain charges non-dischargeable. The documentary evidence in Plaintiff's possession is necessary to prepare Defendant's defense in this adversary proceeding.

**REQUEST FOR PRODUCTION NO. 3:**

All documents which support your contention that the Debtor incurred a cash advance and/or convenience check charges on an account ending in 1571 during the period from 10/26/10 and 11/20/2010.

**CONTENTION:**

Plaintiff has asserted that Defendant incurred cash advances or used convenience checks in its complaint. Defendant disputes this claim. The documentary evidence in Plaintiff's possession is necessary to prepare Defendant's defense in this adversary proceeding.

**REQUEST FOR PRODUCTION NO. 4:**

All documents which support your contention that the Debtor incurred charges that exceeded her credit limit for an account ending in 1571 as alleged in the adversary complaint.

**CONTENTION:**

Plaintiff has asserted that Defendant incurred charges which caused her balance to exceed her credit limit. Defendant denies this claim. The documentary evidence in Plaintiff's possession is necessary to prepare Defendant's defense in this adversary proceeding.

**REQUEST FOR PRODUCTION NO. 5:**

All documents which support your contention that the Debtor incurred $4800.00 in cash advances and/or convenience check charges on an account ending in 4090 during the period from 9/7/10 and 10/03/2010.

**CONTENTION:**

Plaintiff has asserted that Defendant incurred cash advances or used convenience checks in its complaint. Defendant disputes this claim. The documentary evidence in Plaintiff's possession is

MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES

necessary to prepare Defendant's defense in this adversary proceeding.

**REQUEST FOR PRODUCTION NO. 6:**

All documents which support your contention that the Debtor was cognizant of her inability to repay charges when she incurred them as alleged in the adversary complaint.

**CONTENTION:**

Plaintiff has asserted that Defendant knew that she could not repay charges made on her accounts more than 90 days before she filed. Defendant disputes this claim. The documentary evidence in Plaintiff's possession is necessary to prepare Defendant's defense in this adversary proceeding.

### SPECIAL INTERROGATORIES

1. State all facts which support your contention that the Debtor was cognizant of her inability to repay charges when she incurred them as alleged in the adversary complaint.

**CONTENTION:**

Plaintiff has asserted that Defendant knew that she could not repay charges made on her accounts more than 90 days before she filed. Defendant disputes this claim. The factual evidence in Plaintiff's possession is necessary to prepare Defendant's defense in this adversary proceeding.

### CONCLUSION

Plaintiff's have failed and refused to respond to discovery requests that are necessary to Defendant's preparation for trial. Because the within motion was necessitated by Plaintiff's violation of the Federal Rules of Civil Procedure, Defendant seeks fees of $885.00.

Dated: October 24, 2011        HERMELIN LAW FIRM

/s/ Heidi Coad-Hermelin

By:_____
HEIDI COAD-HERMELIN, ESQ.
Attorneys for Defendant
Norma Edith Munoz