WEINSTEIN & RILEY, P.S.
Jerome A. Yelsky – SBN 75240
Of Counsel
12100 Wilshire Blvd, Suite 1100
Los Angeles, CA 90025
Telephone: 310-820-6529
Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>Norma Edith Munoz,<br><br>Debtor.<br><br><br>FIA Card Services, N.A. (F.K.A. MBNA America Bank, N.A.),<br><br>Plaintiff,<br><br>vs.<br><br>Norma Edith Munoz,<br><br>Defendant. | Chapter 7<br><br>Bankruptcy No. 11-41878 EDJ<br><br>Adversary Case No. 11-04135 AJ<br><br>STIPULATION FOR ENTRY OF JUDGMENT AND SETTLEMENT AGREEMENT<br><br>DATE: 11/21/2011<br><br>TIME: 9:00 A.M.<br><br>CTRM: 215 |

A.      On or about February 22, 2011, Defendant Norma Edith Munoz (hereinafter referred to as "Defendant") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code bearing Case No. 11-41878 EDJ.

B.      On or about April 28, 2011, Plaintiff FIA Card Services, N.A. (F.K.A. MBNA America Bank, N.A.), (hereinafter referred to as "Plaintiff") filed an Adversary Proceeding against Defendant, 11-

1

04135, seeking a determination that the Defendant's outstanding credit card debt in the sum of $8,448.00 should be nondischargeable pursuant to § 523(a)(2)(A).

C.     Plaintiff alleges in its Complaint that at the time Defendant made the aforementioned charges and/or cash advances against Plaintiff's credit card, the Defendant represented that Defendant had the intent to repay the debt, when in fact, based on the totality of the circumstances surrounding the Defendant's Chapter 7 filing, the Defendant did not have the intent to repay the debt under the analysis set forth In re Dougherty, 84 B.R. 653, 657 (9th Cir. B.A.P. 1988), and adopted by the Ninth Circuit in In re Eashai, 167 B.R. 181, 183 (9th Cir. B.A.P. 1994), affirmed, 87 F.3d 1082 (9th Cir. 1966).  Defendant denies these allegations.

D.     The parties now desire to settle this Adversary Proceeding to avoid the possible adverse consequences which could result from a trial.

E.     It is understood and agreed between the parties that this is a compromise in settlement of a disputed claim, and that the Defendant does not admit to any specific allegation contained in the Adversary Proceeding.

F.     Based on the foregoing facts and in consideration of the covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties, Plaintiff, represented by the Law Firm of Weinstein & Riley, P.S., and Defendant, represented by Heidi A Coad-Hermelin, stipulates as follows:

1.     In full satisfaction of any and all claims which Plaintiff has against Defendant, Plaintiff shall be entitled to a Judgment in its favor and against Defendant in the principal sum of $500.00 subject to the terms and conditions set forth below.

No execution of Judgment shall occur, so long as Defendant remits the sum of $500.00 payable as follows:

2

a. Payments of $100.00 per month, due on or before the 20th of each month, beginning January 20, 2012, until paid in full.

All payments should be made payable to and sent to **FIA Card Services, N.A. (F.K.A. MBNA America Bank, N.A.), c/o WEINSTEIN & RILEY, P.S., P.O. BOX 3978, Seattle, WA 98124;** unless another address is designated in writing. All payments by Defendant are due on the 20th day of the month. Defendant is in default after the 30th day of the month if payment is not made by the 30th day of the month.

Account Numbers XXXXXXXXXXXX1571 and XXXXXXXXXXXX4090 shall be written on all checks used to make payments.

2. That said debt shall be declared to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

3. That said judgment will bear no interest.

4. That both Plaintiff and Defendant shall bear their own costs and attorneys' fees incurred in prosecuting or defending this matter.

5. In the event of a default in any payment when due, and should default exceed ten (10) days, Plaintiff shall notify Defendant of such default by first class mail. If such default is not cured within seven (7) business days thereafter, then Plaintiff will be entitled to execute on the remaining balance of said judgment, together with interest at the Federal Reserve rate from the date of default based upon Plaintiff's Declaration or Affidavit without further notice to Defendant. For the purpose of Notice of Default, Entry of Judgment and execution of Judgment, the address of Defendant (see attached service list), and shall be considered proper written notice to Defendant unless and until written notice of change of address is given to Plaintiff's attorney of record at the above-referenced address.

3

6.    This stipulation for entry of judgment and settlement agreement does not constitute an admission of liability or non-liability as the case may be.  This stipulation and settlement agreement is entered into by each of the parties to resolve a disputed claim and to avoid the incurrence of additional costs and attorneys' fees.

7.    Upon default, this judgment will bear interest at the Federal Reserve rate from the date of default.

8.    Plaintiff will refrain from pursuing its rights under this agreement so long as Defendant continues to make payment on a regular, timely basis.  If Defendant defaults however, Plaintiff shall have the right to pursue any legally available remedy without further notice, and without need for further relief from the automatic stay in any bankruptcy proceeding in which the Defendant is a Debtor pursuant to 11 U.S.C. § 362(c)(2)(C).

Weinstein & Riley, P.S.

Dated: _11/10/11_

Jerome A. Yelsky, Of Counsel
Attorney for Plaintiff

Dated: _11-07-2011_

NORMA EDITH MUNOZ
Debtor

Dated: _10/7/11_

HEIDI A COAD-HERMELIN
Attorney for Debtor/Defendant

4